## THE ENOS B. PHILLIPS.

### LICHTENFELS et al. v. THE ENOS B. PHILLIPS.

(District Court, D. New Jersey. December 12, 1892.)

1. TENDER—SUFFICIENCY—COSTS.
   A libelant is entitled to disregard a tender of the amount claimed, with interest, made after the filing of the libel and the issuing of the monition, as a tender should cover accrued costs.

2. MARITIME LIENS—ADVANCES—OBJECT—WEIGHT OF EVIDENCE.
   A libel by a firm of ship chandlers at a New Jersey port for advances of $150 to the master of the Phillips, a foreign vessel lying at a dock at New York, alleged that the master, when purchasing supplies for his vessel from libelants, applied for the advances in order to free the vessel from liens for seamen's wages, and that libelants made the advances without asking security. On the part of the libelee the master of the Phillips stated that after purchasing supplies he suggested to the libelants that they purchase of him an interest in another vessel, the Dow, in order to secure its custom and trade when in the port of New York, and that the $150 paid to him by libelants was for a one sixty-fourth interest in the Dow, and not to meet liens for seamen's wages against the Phillips. A captain subsequently in temporary command of the Phillips stated that one of libelants expressly admitted in conversation with him that the firm had purchased a one sixty-fourth interest in the Dow; and the captain of the Dow stated that, when he afterwards arrived in New York, he was taken to libelants' store, where he purchased supplies for the Dow, and that libelants said to him they expected him to purchase all his supplies from them, as they owned a one sixty-fourth interest in the Dow. *Held,* that the libel should be dismissed, as the weight of evidence was against it.

In Admiralty. Libel by Robert Lichtenfels and John Lichtenfels against the schooner Enos B. Phillips for supplies, and to recover for advances to meet seamen's wages. Libel sustained as to supplies, and dismissed as to the advances.

Otto Crouse, for libelants.
William S. Maddox, for claimants.

GREEN, District Judge. Robert Lichtenfels and John Lichtenfels, trading as Lichtenfels Bros., filed this libel against the schooner Enos B. Phillips to recover the sum of $181.51, with interest, which debt was alleged to have been contracted under the following circumstances: The libelants are ship chandlers in Hoboken, in this district, and as such, at the request of the captain of the Phillips, they furnished certain stores and supplies to the Phillips, amounting to the sum of $31.51. The claimants do not dispute that such stores were furnished as charged, that they were reasonably worth the price charged, and that they were furnished upon the credit of the vessel; and to shield themselves they have paid into court the sum of $31.51, with interest thereon, as a tender to the libelants, and thereupon in-

sist that the libel should be dismissed so far as that part of the claim is concerned, and that the libelants should not be permitted to recover costs in respect thereto. But the law is otherwise. That a tender shall be effectual, and shall bar a recovery of interest and costs after suit has been begun, it must be of such sum as will cover the claim admitted, with interest to the day of the tender, and such costs as have accrued in the suit up to that time. The claimants in this case failed to include in their tender a sum sufficient to cover the costs which had accrued, the tender being made after the filing of the libel and the issuing of the monition. The libelants therefore are entitled to disregard the tender as such, and recover the amount of $31.51, with interest, and such costs as may be taxed.

The balance of the claim, $150, had its origin in this manner, as the libelants allege: The Phillips was lying at a dock at New York in the North river; that the master of said vessel, who was until that time an entire stranger to the libelants, after making the purchase of the articles hereinbefore referred to, stated to them, in effect, that his vessel was in difficulty, and applied to them for a loan or an advancement of $150, with which he declared he desired to pay off and discharge certain claims which were liens, as he alleged, then existing against his said vessel, and the libelants, in pursuance of such request and application, without seeking or asking any security, advanced to the said master for the purpose aforesaid the said sum of $150; that in consequence of such advancement they thereby became entitled to, and are now entitled to a lien upon said vessel for said $150. The alleged lien which the master, according to the statement of the libelants, most desired to cancel and pay with this money, arose on the default of payment of the seamen's wages then overdue. If in fact the advancement of this $150 was made by the libelants for the purpose of freeing the vessel, which was a foreign vessel, in a foreign port, from liens for seamen's wages, undoubtedly they would be entitled to have the benefit of such lien, in order to recover their advancement. But this statement is stoutly contradicted by the master of the Phillips, and the weight of the evidence, it seems to me, supports his story, which is a very different one. His statement is that he, after he purchased the articles for which the claim of $31.51 is made, suggested to the libelants, in a conversation which he had with them, to purchase a one sixty-fourth interest in a vessel of which he was part owner, called "The Dow," for the purpose of obtaining its custom and trade, and upon the express understanding and condition that whenever the Dow was in the port of New York she would purchase all her necessary supplies from the libelants; that for this purpose, and upon this understanding, the libelants did pay $150 for a one sixty-fourth interest in that vessel, and that the $150 now claimed by libelants is the sum paid for said one sixty-fourth interest. This statement is corroborated, to a certain extent at least, by the captain of the Dow, who afterwards arrived in the port of New York, was taken to the libelants' store, and introduced as such master, and there made certain purchases, amounting to $99, for the benefit of the Dow; and while there, in a conversation which he had with one of the libelants, it was stated that they (the libelants) expected the master of the Dow

hereafter to purchase all his supplies of them, because they owned one sixty-fourth interest in that vessel. This vessel was unfortunately wrecked on its next voyage, and became a total loss. It can hardly be supposed that the master of the Dow, a totally disinterested witness, would deliberately make such a statement, under oath, so definite and particular in all its parts, if it were false. No motive can be assigned for such gross perjury on his part as this would be, if the statement were wholly untrue; and yet, if true, it goes very far to corroborate the statement of the master of the Phillips. Besides this, the master of the Phillips is corroborated by another witness, Capt. Brown, who was temporarily in command of the Phillips, and who, while so in command, as he testifies, had a conversation with one of the libelants, in which it was expressly admitted by the libelants, or one of them, that there had been a purchase of the one sixty-fourth part interest in the Dow by them. The improbability of the statement of the libelants that they advanced $150 without security to a comparative stranger, a master of a vessel then lying at New York in another district, to pay off alleged liens, without in any wise protecting themselves, seems to me to be very much greater than the statement made by the master of the Phillips touching this sale of the interest in the Dow, corroborated, as it is, to a certain extent, by the two other witnesses. Possibly there may be some explanation which would harmonize these statements so contradictory of each other. I have been unable, however, to find it, and I am compelled by the weight of the evidence to hold that the libelants have failed to sustain their claim of $150 as a proper lien against the Phillips, and it is therefore disallowed. Let there be the usual decree.